STATE OF NORTH CAROLINA v. MATTHEW WILLIAMS

No. 92

(Filed 26 January 1973)

**Indictment and Warrant § 14— motion to quash indictment — insufficiency of grounds**

> The defendant's motion to quash the indictment against him was properly denied where the only matter challenged by defendant was the propriety of the solicitor's conduct in testifying as to the character of the prosecuting witness, a matter relating to the merits of the case and not to the validity of the bill of indictment.

THE defendant, Matthew Williams, has filed in this Court a "Notice of Appeal" from the decision of the Court of Appeals (16 N.C. App. 422, 191 S.E. 2d 915) finding no error in his trial, conviction, and sentence in the Superior Court of DURHAM County on a charge of felonious assault.

The record which counsel has filed here discloses that on September 18, 1971, an altercation took place between the defendant, Matthew Williams, and one Napoleon Lawrence. Lawrence obtained a warrant charging Williams with assault with a knife inflicting serious injury. Williams obtained a warrant charging Lawrence with a felonious assault inflicting serious injury by the use of a pistol. At the conclusion of a preliminary hearing, probable cause was found and both were bound over to the Superior Court of Durham County. At the preliminary inquiry, the solicitor for the district was present but did not participate in the hearing. The record indicates he told the counsel representing the State and the defendants that he was personally acquainted with the defendant Lawrence and would testify to his good character. However, the solicitor sent bills of indictment to the grand jury charging each defendant with a felonious assault on the other. The grand jury returned true bills.

When the cases were called for trial in the superior court they were consolidated for trial without objection. Thereupon, the solicitor after conferring with the judge applied for and was granted leave to take a nol pros of the case against Lawrence. Whereupon, the defendant Williams filed a motion alleging he had been denied due process of law by the solicitor who had agreed to appear as a witness on behalf of the defendant Lawrence who was a party with adverse interests to those of the defendant.

State v. Williams

At the trial the State's witness (former defendant) Lawrence testified that the defendant Williams made an unprovoked assault on him by cutting him about the face, neck, and legs with a knife and that Jones, a companion of Williams, knocked the witness down and while the defendant Williams was still trying to use his knife, the witness Lawrence drew his revolver and shot both Williams and Jones.

The solicitor, Anthony Brannon, called as a State's witness, testified that he had known the witness Lawrence who had been a police officer for about three years; that he knew his general reputation in the community and that it was excellent.

Williams testified in his own behalf admitting that he and Lawrence got into an argument and that Lawrence drew his pistol and shot the defendant who in his own defense used his knife to protect himself. Williams testified that he was shot twice in the legs. The record discloses that Lawrence was hospitalized and the knife wounds were repaired by more than one hundred stitches.

The jury returned a verdict finding the defendant guilty of assault with a deadly weapon inflicting serious injury. The court imposed a prison sentence of not less than three nor more than five years.

The defendant appealed to the Court of Appeals assigning one error as follows: "1. Did the trial court err in not allowing the defendant's motion for a quashal of the indictment which in turn violated the defendant's constitutional right of due process and a fair and impartial trial?"

The Court of Appeals found no error in the trial. The defendant files the papers asking for a review by this Court on the ground the Court of Appeals committed error in failing to sustain the motion to quash.

The Attorney General has filed a motion in this Court to dismiss the proposed appeal on the ground no constitutional question is involved.

*Robert Morgan, Attorney General by Ann Reed, Associate Attorney General for the State.*

*Kenneth B. Spaulding for defendant appellant.*

State v. Edwards

PER CURIAM.

We find nothing in the record that invalidates the indictment returned against the defendant Williams. The grand jury was properly constituted. The indictment, sufficient in form, charged a violation of G.S. 14-32(a). The defendant does not contend the evidence before the grand jury was tainted or insufficient to warrant the finding of a true bill. Nor does he contend the evidence before the jury was insufficient to make out a case against him. He does contend that the solicitor's action in dismissing the indictment against Lawrence and testifying as a witness to his good character was prejudicial to the defendant's defense before the jury. In effect, he challenges as improper the appearance of the State's prosecutor as a witness to the good character of the present prosecuting witness. However, it appears that the solicitor had not participated in the preliminary hearing. His appearance as counsel consisted only in entering the nol pros against Lawrence. True, the propriety of the solicitor's conduct may be questionable, but impropriety relates to the merits of the case and not to the validity of the bill of indictment. The defendant's sole assignment of error challenges the court's denial of the motion to quash the indictment—nothing more. He does not ask for a new trial. No constitutional question is involved.

The Attorney General's motion to dismiss is

Allowed.